# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| Taylor Limb-Reynolds, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Key 2 Recovery, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, Plaintiff, Taylor Limb-Reynolds, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Taylor Limb-Reynolds ("Plaintiff"), is an adult individual residing in Valley Park, Missouri, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Key 2 Recovery, Inc. ("Key"), is a Ohio business entity with an address of 8206 Eagle Ridge Drive, West Chester, Ohio 45069, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by Key and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined

as parties once their identities are disclosed through discovery.

6. Key at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

7. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Key for collection, or Key was employed by the Creditor to collect the Debt.

10. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Key Engages in Harassment and Abusive Tactics**

11. Within the last year, Key began contacting Plaintiff in an attempt to collect the Debt.

12. In or around March 2017, Key left messages for Plaintiff's sister, brother and mother. The messages disclosed that Key was calling in an attempt to collect the Debt from Plaintiff.

13. These disclosures caused Plaintiff a great deal of stress and embarrassment.

14. On or about March 30, 2017, Plaintiff mailed a certified letter to Key in which she requested that all telephone communication on her account cease.

15. Key received Plaintiff's letter on April 5, 2017.

16. Nevertheless, Key continued to call Plaintiff in an attempt to collect the Debt.

17.     In addition, Key failed to send Plaintiff a letter within five (5) days of the initial communication.

C. **Plaintiff Suffered Actual Damages**

18.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

19.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.***

20.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants disclosed to third parties that they were calling about the Debt.

22.     Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants disclosed to third parties that they were calling about the Debt.

23.     Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendant contacted Plaintiff after having received written notification from Plaintiff to cease communication.

24.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

25.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

26.     Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to

send Plaintiff a letter within five days of the initial communication.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Punitive damages; and

5. Such other and further relief that the Court may deem just and proper.

### **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 1, 2017

Respectfully submitted,

By: __/s/ Sergei Lemberg_____

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff